UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED CENTRAL BANK,                              :
successor by acquisition to Mutual Bank,          :
               Plaintiff,              :       **MEMORANDUM DECISION**
                             :
v.                                                :       10 CV 8116 (VB)
                             :
SHREE GANESH PROPERTIES, LLC,                     :
               Defendant.              :
-------------------------------------------------------------x

Briccetti, J:

      Pending before the Court is a Report and Recommendation ("Report") from Magistrate

Judge Paul E. Davison, dated March 4, 2013, computing damages after the Court granted

summary judgment for plaintiff on its mortgage foreclosure claim.  (Doc. #38).  In the Report,

Judge Davison recommended awarding judgment for plaintiff in the amount of $11,933,020.84,

plus per diem interest accrued from February 13, 2013, until the date of entry of judgment.

      For the following reasons, the Court adopts the Report as the opinion of the Court, except

as to legal fees.

### DISCUSSION

      Familiarity with the factual and procedural background of this case is presumed.

I.      Standard of Review

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the recommended ruling, but they

must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy

1

of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).

When a party submits a timely objection to a report and recommendation, the district court

reviews the parts of the report and recommendation to which the party objected under a de novo

standard of review.  28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of the

recommended ruling to which no timely objections have been made, provided no clear error is

apparent from the face of the record.  See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only

conclusory or general objections, or simply reiterates his original arguments.  Ortiz v. Barkley,

558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II.    Appraisal Expenses

Plaintiff requested $29,500 in appraisal fees, but, in the Report, Judge Davison

recommended reducing the award to $27,500 because plaintiff had failed to submit documentary

evidence to corroborate a $2,000 payment on October 13, 2011.  Plaintiff objects to this reduced

amount, arguing it had submitted to Judge Davison its complete records, including an invoice for

$2,000, dated May 26, 2010.

Reviewing that portion of the Report de novo, see 28 U.S.C. § 636(b)(1)(C), the

objection is without merit.  Judge Davison included the May 26, 2010, invoice in reaching the

recommended $27,500—he did not include a purported $2,000 payment made on October 13,

2011.  Judge Davison was correct not to include the purported October 13 payment because the

only evidence plaintiff provided of it—despite a request by Judge Davison for supplemental

documentation—was an internally generated spreadsheet attached to a declaration from James

2

Toscano, vice president of plaintiff.  (See Docs. #36, 37).  And neither the declaration nor the spreadsheet provided sufficient detail to "establish damages with reasonable certainty." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); see, e.g., Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[T]he court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." (Emphasis added)).  Compare also Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (accepting amount when district judge was "inundated with affidavits, evidence, and oral presentations") with Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993) (disfavoring computation based on a single affidavit submit by an unopposed plaintiff).

Moreover, upon the Court's independent review of plaintiff's documents submitted in support of its request for appraisal fees, the Court finds plaintiff is entitled to $27,500, based on the following payments:  $9,000 (invoice dated May 11, 2010), $2,000 (invoice dated May 26, 2010), $8,000 (invoice dated October 3, 2011), $6,500 (invoice dated June 28, 2012), and $2,000 (invoice dated July 9, 2012).  Like Judge Davison, the Court finds no evidence beyond the spreadsheet to corroborate a purported $2,000 payment on October 13, 2011, and finds no basis for awarding plaintiff more than $27,500 in appraisal fees.[1]

---

[1] Plaintiff also submits a copy of a $28,000 check, dated August 6, 2012, issued to Cushman and Wakefield, Inc. Valuation Services to pay "various invoices."  The check does not detail which invoices it paid, and no other document shows the check paid for an invoice beyond those actually provided by plaintiff.  Accordingly, the Court finds no basis for awarding plaintiff $28,000 in appraisal fees based solely on this check.

III.     <u>Insurance Expense</u>

Plaintiff requested reimbursement for $34,284.59 in insurance coverage purchased for defendant.  Judge Davison recommended the Court not grant the request because plaintiff failed to provide invoices or other underlying documentation to corroborate the expense.  Plaintiff objects, arguing Toscano's declaration and the accompanying spreadsheet, which lists "WNC Insurance" at a cost of $34,284.59, is sufficient to prove plaintiff actually incurred the insurance expense.

As with the October 13, 2011, appraisal fee discussed above, plaintiff's single declaration and spreadsheet, without additional documentary evidence or explanatory detail, are insufficient to satisfy the Court that plaintiff expended $34,284.59 for insurance coverage.  <u>See, e.g.</u>, <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d at 111 ("[T]he District Court . . . could not just accept [plaintiff's] statement of the damages . . . [and] satisfy the court's obligation to ensure that the damages were appropriate.").

Accordingly, reviewing the insurance portion of the Report <u>de novo</u>, <u>see</u> 28 U.S.C. § 636(b)(1)(C), plaintiff's objection is without merit.

IV.     <u>Interest on Expenses</u>

Plaintiff further objects that Judge Davison did not recommend assessing interest on all expenses plaintiff incurred.  As Judge Davison explained in the Report, and plaintiff concedes in its objection, Judge Davison did not include interest on expenses because plaintiff had not asked for it in either its initial or supplemental submissions.  (Report at 12 n.4, 13 n.6, 14 n.7, 16 n.10).

In objecting to the Report, plaintiff will not be afforded a "second bite at the apple" by re-litigating the case previously presented to the magistrate judge.  <u>Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan</u>, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).  This is because "the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary. . . . [and] relieve courts of unnecessary work."  <u>Id</u>.

For the first time in its objection, plaintiff presents the Court with a seventeen-row chart detailing the date, amount, and purpose of each expense payment, the calculation of interest for each expense (based on a twelve percent default interest rate multiplied by the number of days each payment was in default), and the total interest due.  Verifying the veracity and validity of figures such as these is exactly why the Court referred the matter to Judge Davison—who has shown extensive skill, experience, and judgment in this area.  Therefore, out of appreciation for Judge Davison's efforts and judicial efficiency, the Court declines to afford plaintiff an improper "second bite" by reconsidering damages in light of its realization that it may be entitled to interest.  <u>See id</u>.

V.      <u>Attorneys' Fees</u>

Judge Davison rejected plaintiff's request for $24,688.60 in legal fees incurred but not yet paid, because plaintiff had "submitted no documentary evidence whatsoever to corroborate" the request.  Plaintiff objects and attaches an invoice, dated March 21, 2013, for $19,893.45, based on itemized billing records detailing (1) 51.20 hours of work between September 16, 2010, and October 16, 2012, resulting in $19,960.00 in attorney's fees; (2) $383.45 in costs incurred between January 28, 2011, and February 25, 2013; and (3) a previous credit of $450.00.

5

In objecting to a magistrate's report and recommendation, a party has no right to present additional evidence to the district court "when it offered no justification for not offering the [evidence] . . . before the magistrate." Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990).  This is especially the case when, as here, the magistrate sought supplemental documentation from plaintiff because its initial submission was insufficient. (See Doc. #36).  Accordingly, the Court declines to consider plaintiff's new evidence, and finds Judge Davison correctly determined plaintiffs were not entitled to attorney's fees incurred but not yet paid.  See 28 U.S.C. § 636(b)(1)(C).

The Court also finds plaintiff is not entitled to $6,168.38 in legal fees and costs already paid.  In recommending such fees be awarded, Judge Davison noted (1) the agreements between the parties entitled plaintiff to fees; (2) plaintiff corroborated its fees in the spreadsheet attached to Toscano's declaration; (3) defendant did not object; and (4) the amount of fees appeared reasonable under the circumstances, even in the absence of contemporaneous billing records. (Report at 15 & nn.8-9).

Judge Davison is correct that the agreements provide for fees.  However, for the reasons stated above (and by Judge Davison throughout the Report), the Court is uncomfortable awarding damages based on an uncorroborated and independently generated spreadsheet submitted by plaintiff.  This discomfort is heightened by plaintiff's failure to provide billing records and any information to support the spreadsheet entries—despite providing such records to support fees not listed on the spreadsheet—from which the Court could determine a reasonable fee.  See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) (plaintiff's burden to show

6

"rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."); Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009) (court determines fee by considering all relevant case-specific variables and setting a reasonable hourly rate); Mfrs. & Traders Trust Co. v. Dougherty, 11 A.D.3d 1019, 1019-20 (4th Dep't 2004) (in mortgage foreclosure, attorney's fees awarded based on "time and effort expended" and customary fee).  And defendant's failure to appear since plaintiff moved for summary judgment only adds to the Court's reticence.  See Tamarin v. Adam Caterers, Inc., 13 F.3d at 54.

Therefore, the Court declines to award plaintiff $6,168.38 in legal fees and costs already paid based solely on the spreadsheet attached to Toscano's declaration.

VI.     Remainder of Report

The Court reviews the remainder of the Report, to which neither party objects, for clear error.  See Wilds v. UPS, Inc., 262 F. Supp. 2d at 169.  Having found no such error in Judge Davison's well-reasoned and thorough decision, the Court adopts the remainder of the Report for the reasons stated therein.

**CONCLUSION**

Judge Davison's Report and Recommendation (Doc. #38) is hereby adopted, except as to legal fees, which is adopted in part and modified as stated herein.

The Clerk is instructed to enter judgment for plaintiff in the amount of $11,926,852.46, plus interest on the outstanding principal of each loan at the per diem rates of $2,324.74 (Loan 1) and $31.46 (Loan 2), respectively, from February 13, 2013, until the date of judgment.

Plaintiff may foreclose on the property located at 2170 South Road, Poughkeepsie, New York.  If there is no deficiency, then this case will be closed.  The Court will retain jurisdiction over this matter in the event there is a deficiency after the sale of the property.

Plaintiff is directed to submit a proposed order of foreclosure for the Court's approval by no later than May 3, 2013.

Dated:  April 19, 2013
          White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

8